Hibbard v. Holloway.

## WILLIAM G. HIBBARD ET AL.
### v.
## WILLIAM J. HOLLOWAY.

1.  JURISDICTION.—The court was without jurisdiction to render judgment against appellants as the fact that they were copartners with Bartlett, d d not authorize the rendition of a judgment against them in a suit to which they had not been made parties by the service of process, or by their voluntary appearance.

2.  PROMISSORY NOTE.—While no particular form of words is necessary to constitute a promissory note, and while it need not contain the words "promise to pay," yet in the absence of such words there must be other words of equivalent import.  *Held,* where the only words used were "Cartage Ticket, 50 cents, Hibbard, Spencer & Co.," that such an instrument was not a negotiable promissory note.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.    Opinion filed June 27, 1883.

This was a suit brought by appellee against appellants before a justice of the peace, to recover upon certain cartage tickets, issued by appellants, to one Fitzgerald for teaming done by him for them, and which appellee bought of Fitzgerald.

The tickets were in the following form:

"Hibbard, Spencer & Co.

Cartage Ticket,

50 cents.

Hibbard, Spencer & Co."

The tickets were printed, except the name of Hibbard, Spencer & Co., at the bottom, which was written.

Judgment was rendered by the justice against Bartlett, who alone was served with process, for the amount of the tickets. Bartlett appealed to the superior court, where judgment was rendered against him and also against Hibbard and Spencer, who, it appears, neither joined in the appeal, nor appeared in the superior court, nor were they ever brought into the case by summons or otherwise.

There was a trial of the case by the court, without the intervention of a jury, resulting in a judgment against appellants for $160.32, and they bring the case here for review.

Mr. R. W. SMITH, for appellants; cited 1 Parsons on Notes and Bills, 30, 32, 33; Sears v. Trustees, 28 Ill. 183.

If no one be designated as payee, either by name or as bearer or by indorsement, the instrument is not a promissory note and for the same reason it can not be a due-bill: Brown v. Gillman, 13 Mass. 158; Douglas v. Wilkeson, 6 Wend. 637; Gibson v. Minet, 1 H. Bl. 569–608; Prewet v. Chapman, 6 Ala. 86; U. S. v. White, 2 Hill, 99.

Mr. F. W. TOURTELOTTE, for appellee; cited Weston v. Myers, 33 Ill. 424.

WILSON, J. We are unable to understand upon what ground the court below rendered judgment against appellants, Hibbard and Spencer. So far as the record discloses, they were never brought within the jurisdiction of the court. The summons issued by the justice was served upon Bartlett only, and he alone appeared. Judgment was rendered by the justice against him only, and he alone appealed. Hibbard and Spencer neither joined in the appeal, nor were brought into the superior court by process, nor did they appear to the suit in person

Hibbard v. Holloway.

or by attorney. The fact that they were copartners with Bartlett did not authorize the rendition of a judgment against them in a suit to which they had not been made parties by the service of process or by their voluntary appearance. The court was, therefore, without jurisdiction to render judgment against them.

But had appellants all been properly before the court, we are of opinion that appellee was not entitled to recover in his own name upon the tickets in question. They were neither due-bills nor promissory notes, but merely acknowledgments of indebtedness to the person to whom they were issued. While no particular form of words is necessary to constitute a promissory note, and while it need not contain the words "promise to pay," it is settled that in the absence of such words, there must be other words of equivalent import. Parsons on Notes and Bills, 24. Thus the words "good to A B or order for $100," held, a promissory note. Franklin v. March, 6 N. H. 364. So where the promise was to be accountable to A or order, for $100. Morris v. Lee, 2 Ld. Raym. 1396. In these and like cases, it is held that the words used are equivalent to a promise to pay.

Here the only words used are "Cartage Ticket, 50 cents, Hibbard, Spencer & Co." There is not only no promise to pay, but no words of equivalent import. Standing alone, and without extraneous proof, their meaning and effect is wholly conjectural; and to characterize as a negotiable promissory note, an instrument which is so uncertain or defective in its terms as to require outside proof of its meaning, is unwarranted.

It appeared in evidence that the tickets in question were issued to Fitzgerald by appellants, from time to time, for carting goods to and from their store, and the amounts represented by the tickets were paid to him or his employes upon presentation to appellants. We can not regard these tickets as constituting negotiable paper, any more than would be a pass book, in which had been entered credits for like services rendered. The most that can be properly claimed for them is, that they are in the nature of vouchers, or acknowl-

edgments of services rendered by Fitzgerald to appellants, upon which the law implies a promise to pay to him, but not to a third person, for such services. They are merely non-negotiable choses in action, upon which suit can only be brought in the name of Fitzgerald.

In Weston v. Myers, 33 Ill. 424, relied on by the learned counsel for appellee, the words of the instruction were "good for fifty cents." They were held to constitute a promissory note; and properly, the words "good for" being, as already said, equivalent to the words "I promise to pay." That case is not in conflict with the views herein expressed.

The judgment of the court below is reversed and the cause remanded.

Judgment reversed.